IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONNA ANDERSEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:13-CV-2163-VEH |
| | ) |
| OMNI INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Plaintiff Donna Andersen ("Ms. Andersen") initiated this insurance coverage dispute with her insurer, Defendant Omni Insurance Company ("Omni"), in the Circuit Court of Calhoun County, Alabama, on October 25, 2013. (Doc. 1-1 at 3).[1] Omni removed the lawsuit to federal court on November 27, 2013. (Doc. 1 at 1).

Pending before the court is Omni's Motion To Dismiss Count Two of the Plaintiff's Complaint (Doc. 6) (the "Motion") filed on December 4, 2013.[2] Although the caption indicates that it is opposed (*id.* at 1), Ms. Andersen never has filed any opposition to the Motion, which under Appendix III to the court's uniform initial

---

[1] All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

[2] All page references to Doc. 6 correspond with the court's CM/ECF numbering system.

order was due on December 18, 2013. (*See* Doc. 4 at 23 ¶ B.2 ("The opponent's responsive brief shall be filed no later than fourteen (14) **calendar** days thereafter.")). Accordingly, the Motion is now ready for disposition, and, for the reasons explained below, is **GRANTED**.

## II.   Standards

### A.   Rule 12(b)(1)[3]

As the Eleventh Circuit has explained the standard on motions to dismiss for lack of subject matter jurisdiction:

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*
>
> These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.),

---

[3] Omni indicates that its Motion is filed pursuant to Rule 12(b)(6) and (c). (Doc. 6 at 1). Because the Motion is jurisdictional in nature and seeks a without prejudice dismissal of Count Two on lack of ripeness grounds, the Motion is appropriately considered pursuant to Rule 12(b)(1).

2

*cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981). But when the attack is factual,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 412-13 (quoting *Mortensen*, 549 F.2d at 891).

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

### B.   Ms. Andersen's Failure to Oppose

Ms. Andersen's failure to file any opposition does not automatically mean that the Motion is due to be granted. As explained by Judge Steele in *Branch Banking and Trust Co. v. Howard*, No. 12–0175–WS–N, 2013 WL 172903, *1 (S.D. Ala. Jan. 16, 2013):

> As noted, Churchill and Howard elected not to be heard in response to BB & T's Amended Motion to Dismiss. Notwithstanding that omission, BB & T (as Rule 12(b)(6) movant) bears the initial burden of demonstrating that it is entitled to dismissal of the counterclaims. Churchill's and Howard's lack of response to the Rule 12(b)(6) Motion does not trigger the kneejerk granting of such Motion on an abandonment theory. *See Gailes v. Marengo County Sheriff's Dep't*, 2013 WL 81227, *5 (S.D. Ala. Jan. 4, 2013) ("the Court will not treat a claim as abandoned merely because the plaintiff has not defended

it in opposition to a motion to dismiss"). Rather, it remains BB & T's burden as movant to establish its entitlement to relief under Rule 12(b)(6). In light of these circumstances, the Court scrutinizes BB & T's Motion to Dismiss in accordance with the following legal standard: "the Court will review the merits of the [movant]'s position and, if it is clearly incorrect or inadequate to satisfy the [movant]'s initial burden, will deny the motion despite the [nonmovant]'s failure to respond. If, however, the [movant]'s presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the [nonmovant] could have made but by silence elected not to raise." *Id.*

*Branch Banking*, 2013 WL 172903, *1 (footnotes omitted).

### III. Analysis

Count Two of Ms. Andersen's complaint asserts a claim of bad faith against Omni for failing to investigate or pay her claim for underinsured motorist benefits. (Doc. 1-1 at 8-10 ¶¶ 14-21). In its Motion, Omni contends that "because both liability and damages have not been fixed, the Plaintiff's bad faith claim is premature and not ripe for adjudication." (Doc. 6 at 2 ¶ 2 (citing *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557 (Ala. 2006); *Ex parte Safeway Ins. Co.*, 990 So. 2d 344 (Ala. 2008) (hereinafter ("*Safeway I*"))).

Here, Omni launches both a facial and factual jurisdictional attack on Count Two of Ms. Andersen's complaint. Initially, Omni contends that the second count of Ms. Andersen's complaint is facially deficient because she "makes an open-ended prayer for relief with respect to [her] claim for underinsured motorist benefits" in the

first count of her complaint. *Cf. Safeway I*, 990 So. 2d at 352 ("In this case, Galvin's complaint appears facially sufficient to show that the trial court has subject-matter jurisdiction over Galvin's bad-faith claim against Safeway."); *id.* ("She avers that liability for the accident is uncontested and that the damages are undisputed.").

Alternatively, Omni relies upon the affidavit of Bryan Tansill ("Mr. Tansill") (Doc. 6-1) in a factual jurisdictional attack: "To date, the Plaintiff has not scheduled a cervical discectomy surgery. . . . At this point, damages are not fixed. Plaintiff has not incurred the costs associated with [performing surgery]." (Doc. 6-1 at 3 ¶¶ 7, 8).[4] Ms. Andersen has not contested these statements.

The court has studied the cases relied upon by Omni and agrees that, even though Ms. Andersen has already settled with the tortfeasor who caused the collision, the undisputed fluidity and still speculative nature of Ms. Andersen's medical damages means that her bad faith claim is due to be dismissed without prejudice consistent with *Pontius* and *Safeway I*.

> We agree with State Farm that Pontius's breach-of-contract and bad-faith claims were not ripe for adjudication. <u>Without a determination of whether liability exists on the part of the underinsured motorist and the extent of the plaintiff's damages, a claim of bad-faith failure to pay or breach of contract is premature</u>. The trial court properly dismissed the claims because the claims were not ripe for adjudication. However, as discussed earlier, State Farm's motion challenges the subject-matter

---

[4] All page references to Doc. 6-1 correspond with the court's CM/ECF numbering system.

5

jurisdiction of the court. A dismissal for lack of subject-matter jurisdiction does not operate as an adjudication on the merits. *See Ex parte Capstone Dev. Corp.*, 779 So. 2d 1216 (Ala. 2000) (a dismissal for lack of subject-matter jurisdiction is treated as a dismissal without prejudice to the plaintiff's right to reinstitute the action). Therefore, the trial court should have dismissed Pontius's breach-of-contract and bad-faith claims without prejudice. *See also Stringfellow v. State Farm Life Ins. Co.*, 743 So. 2d 439 (Ala.1999) (insured's unripe fraud action should properly have been dismissed without prejudice in order to allow the insured to bring the action when it presented a justiciable controversy). Therefore, the judgment of dismissal is modified to provide that the dismissal of Pontius's breach-of-contract and bad-faith claims is without prejudice to Pontius's right to refile those claims.

      We recognize that Pontius has now resolved her underlying lawsuit against the Martins. Based on *LeFevre*, there can be no bad-faith action based on conduct arising before the uninsured motorist's liability is established and damages are fixed; therefore, "there can be no action based on the tort of bad faith based on conduct arising prior to that time, only for subsequent bad faith conduct." 590 So. 2d at 159. Accordingly, any claims alleging bad-faith failure to pay an insurance claim or breach of contract based on State Farm's failure to pay UIM benefits must be based on conduct arising <u>after the Martins['] liability was established and damages fixed</u>.

*Pontius*, 915 So. 2d at 564-65 (emphasis added); *see also Safeway I*, 990 So. 2d at 352 ("Safeway has established a clear legal right to a writ of mandamus because Safeway presented unrefuted evidence indicating that the damages are in dispute and, in accordance with *Pontius*, Galvin's bad-faith claim, as a matter of law, is not ripe; consequently, the trial court does not have subject-matter jurisdiction over the

claim.").[5] *But see Ex parte Safeway Ins. Co.*, No. 1120439, ___ So. 3d ___, 2013 WL 5506557, at *4 (Ala. Oct. 4, 2013) (Moore, C.J.) (hereinafter "*Safeway II*") (denying petition for writ of mandamus filed by insurer and questioning, declining to apply, and distinguishing, but not expressly overruling, holding in *Pontius* with respect to insured's uninsured motorist benefits claim involving phantom driver); *id.* ("Because I am unable to distinguish the facts of the present case from this Court's controlling decisions in [*Safeway I*], and [*Pontius*], and because no party to the present appeal requests that we overrule either decision, I respectfully dissent from the main opinion's conclusion that mandamus relief is not warranted.") (Shaw, J., dissenting) (footnote omitted).[6]

## IV.  Conclusion

For the reasons stated herein the Motion is **GRANTED**, and Count Two of Ms.

---

[5] The court notes that neither *Pontius* nor *Safeway I* expressly addresses whether the ripeness doctrine applies when the claim at issue is one for bad faith failure to investigate. Further, the court has not been able to locate an Alabama Supreme Court decision which clarifies whether the type of bad faith claim asserted alters the jurisdictional analysis. In the absence of controlling countervailing authority and because the dismissal is a without prejudice one, the court is persuaded that a bad faith investigation claim falls within the scope of the Supreme Court of Alabama holdings in *Pontius* and *Safeway I*.

[6] *Safeway II* expressly distinguishes itself factually from *Pontius* (and those following *Pontius*, like *Safeway I*) because the latter two decisions "involved known uninsured drivers, not phantom drivers." *Safeway II*, 2013 WL 5506557, at *3 n.2; *see id.* ("Safeway has not cited, and we have not found, any controlling decisions that apply *Pontius* to cases involving phantom drivers."). Despite this distinction drawn in *Safeway II*, three justices (Justices Stuart, Shaw, and Bolin) dissented from the majority opinion in *Safeway II*. As of the entry date of this court's order, *Safeway II* has not been released yet for publication.

Andersen's complaint is **HEREBY DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this 4th day of March, 2014.

                                                  _____
                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge